IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID J. HARRIS, | ) | 8:09CV427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES CONGRESS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on November 27, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 27, 2009, against the United States Congress. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in Valentine, Nebraska. (*Id*.)

Liberally construed, and condensed and summarized, Plaintiff alleges that Congress has violated his constitutional rights by failing to declare Jennifer Mulhern Granholm ("Granholm") "eligible to be president of the United States."[1] (*Id*. at CM/ECF p. 3.) Granholm is not a "natural-born citizen" within the meaning of Article II of the United States Constitution because she was born in British Columbia, Canada. (*Id*.) Consequently, Granholm is ineligible to serve as president. (*Id*.) Plaintiff asks the court to invalidate Article II and declare Granholm eligible for president because he intends to vote for her in the next presidential election. (*Id*. at CM/ECF p. 10.)

---

[1] Granholm is currently the Governor of Michigan. (Filing No. 1 at CMECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

In order for Plaintiff to proceed with his claims, he must have standing. Standing is a jurisdictional requirement, that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004).

As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422

U.S. 490, 498-99 (1975). However, there are circumstances where it is necessary to grant a third party standing to assert the rights of another. *See Kowalski v. Tesmer*, 543 U.S. 125 (2004). To establish third-party standing, a litigant must show that he suffered an injury in fact, he has a "close" relationship with the third party, and some barrier or practical obstacle prevents or deters the third party from asserting his or her own interest (e.g., the third party is unidentifiable, lacks sufficient interest, or will suffer some sanction). *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008); *see also Powers v. Ohio*, 499 U.S. 400, 411 (1991).

Here, Plaintiff asserts Granholm's rights, but does not allege that he has a close relationship with Granholm, or that some barrier or obstacle prevents Granholm from asserting her own rights. Accordingly, Plaintiff has failed to satisfy the second and third requirements of third-party standing.

To the extent that Plaintiff alleges his own injury, his claim is not ripe for adjudication. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). Liberally construed, Plaintiff alleges that his potential inability to vote for Granholm in the next presidential election is an injury in fact. (Filing No. 1 at CM/ECF p. 10.) However, the next presidential election is a future event that may not occur as anticipated, or may not occur at all. Therefore, Plaintiff's claim is not ripe for adjudication.[2]

---

[2]Even if Plaintiff's claim was ripe, the court questions whether Plaintiff would have standing to bring it. The crux of Plaintiff's claim (*i.e.* his inability to vote for Granholm) is a harm common to all members of the public. Standing may not be predicated upon such a harm. *See Ex parte Levitt*, 302 U.S. 633, 634 (1937) (holding that standing may not be predicated on a general interest common to all members of the public); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992) ("We have consistently held that a plaintiff raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy.").

Because Plaintiff lacks standing to assert Granholm's rights and because his individual claim is not ripe for review, this court lacks jurisdiction over Plaintiff's Complaint and it must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice for lack of jurisdiction.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.